By the Court.
At the election in October, 1860, James C. Gibbon was elected prosecuting attorney of Putnam county, for the term of two years, from the first Monday of January, 1861, and was duly commissioned and qualified, and entered upon the discharge of his duties.
On the 16th of September, 1861, said Gibbon delivered to the Hon. M. 0. Whitely, a judge of the court of common pleas of the judicial district including said county, a written resignation of his office of prosecuting attorney, and requested the judge to accept the same. The court of common pleas of the county of Putnam was not in session at the time. But on the day the resignation was delivered to the judge, he indorsed upon it his acceptance thereof, and also indorsed thereon an order to the clerk of the court of common pleas of the county, to make a journal entry of the resignation, and its said ac ceptance. The clerk on the same day made the entry accord ingly.
At the election in October, 1861, which was on the 8th day of the month, the relator, James R. Linn, was elected prosecuting attorney for said county, for the regular term of two years, from the first Monday of January, 1862, and was duly commissioned and qualified, as required by law.
The first term of the court of common pleas for said county, after Gibbon delivered his written resignation to Judge Whitely, commenced its session on the 21st of October, 1861, and on that day, Judge Whitely, sitting in term, caused an entry to be made on the journal, appointing the defendant, *616 David J. Brown, special prosecuting attorney for said county, until the election in October, 1862, and thereafter until his successor is elected and qualified. This journal entry recites that Gibbon had resigned, and that the resignation had been accepted by the court. The entry further recites that said Brown appeared in open court and accepted said appointment, and gave bond with sureties, to the approval of the court.
Brown entered upon the duties of his office under said appointment, and still continues to receive and enjoy its emoluments.
On the first Monday in January, 1862, the relator, Linn, claiming to be entitled to the office,^ demanded the same of Brown, who refused the demand, claiming himself to be the lawful incumbent, until the election in October, 1862, and thereafter until his successor is elected and qualified.
Upon proceedings in quo warranto, on the relation of Linn— Held,
1. The resignation of a prosecuting attorney can not be accepted by a judge of the court of common pleas in vacation of his court, but only by the court in term.
2. The attempted acceptance of the resignation of Gibbon on the 16th of September, 1861, by the judge in vacation .of the court, was not effectual to make a vacancy in the office of prosecuting attorney of said county; nor was such acceptance of the resignation aided, in any respect, by the entry thereof, made by the clerk in vacation, by order of the judge, upon the journal of the court.
8. There was no vacancy in said office on the 8th of October, 1861, when Linn was elected, nor until the 21st of that month, when Brown was appointed. The election of Linn was, therefore, void, but the appointment of Brown was valid; and, by the terms of the statute (2 S. & C. 1226-7)* Brown is entitled to hold the office until the election in October, 1862, and until his successor shall be elected and qualified.
Information dismissed and judgment for the defendant.